PATRICK WELCH, Respondent, *v.* CITY OF ST. LOUIS ET
AL., Appellants.

**October 31, 1882.**

1. At common law there can be no valid execution of a judgment in favor of one not *in esse.*

2. Under the statute an execution can issue only in the name of the legal representatives of the deceased judgment creditor.

3. An execution issued to the use of the assignee of one who was dead when the judgment was affirmed in his favor on appeal is properly quashed on motion. THOMPSON, J., dissenting.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed and remanded.*

LEVERETT BELL and H. B. O'REILLY, for the appellants.

SMITH & McCANN, for the respondent.

LEWIS, P..J., delivered the opinion of the court.

The defendant Eyermann appeals from the circuit court's refusal to quash an execution, on his motion. On March 15, 1877, a judgment was rendered in favor of Patrick Welch for $1,000 against these defendants, the city of St. Louis, and Gottlieb Eyermann. On August 16, 1877, Welch assigned his judgment, on the margin of the record, to Smith & McCann, his attorneys. There were sundry proceedings on appeals to this court and the supreme court, which ended in a final affirmance of the judgment by the supreme court, on February 23, 1881. On April 13, 1881, the clerk of the circuit court issued the execution, in usual form, which this motion seeks to quash. The name of Patrick Welch, as plaintiff, was used, without change or addition, throughout the proceedings, except that the execution was indorsed by the clerk to the use of Smith & McCann, assignees. On May 9, 1881, the defendant Eyermann filed his motion to recall and quash the execution, supported by sundry uncontradicted affidavits tending to show that Patrick Welch had died before the date of the supreme court's judgment of affirmance.

It may be true, as claimed for the respondents, that the judgment of the supreme court, notwithstanding the antecedent death of Welch, must be treated as valid, until vacated by the same tribunal. But this will not cure the infirmity of the execution. Without statutory aid, there could be no valid execution of a judgment in favor of one not *in esse*. The statute authorizes execution, under such

circumstances, in the name of the legal representatives of the deceased plaintiff, and not otherwise. Rev. Stats., sect. 2742; *Gaston* v. *White*, 46 Mo. 486. The assignment of the judgment effects no change whatever as to the person in whose name the execution should be issued. If Patrick Welch was dead at the time, the execution should have been issued in the name of his legal representatives. By no other means can effect be given to both the sections 2742 and 2764.

An assignment of a judgment is not possible at common law. It would be a perversion of the record, to say that a judgment rendered in favor of A. has become a judgment in favor of B. In equity, however, effect is given to such an assignment, by vesting in the assignee a right to collect the proceeds. Our statute carefully preserves these distinctions. It sanctions no change in the legal or nominal ownership of the judgment, but simply requires the clerk to indorse on the *execution*, that it is for the use of the assignee named. The case is analogous to that of land held by a trustee to the use of another. If the trustee dies, the beneficiary is no more invested with the legal title than he was before, and can no more convey it. Smith & McCann are not, and never have been, the legal or titular owners of the judgment. The owner was Patrick Welch until he died, and after him, by statute, his legal representatives. The execution could run in no other name or title, by all the usages of legal continuity in judicial records. The *use*, only, has been in Smith & McCann, from the date of the assignment. The judgment must be reversed and the cause remanded. Judge BAKEWELL concurs; Judge THOMPSON dissents.

Dissenting opinion of THOMPSON, J.

It is my misfortune not to be able to agree with my learned brethren in this case. The judgment in this case was assigned to Smith & McCann upon the record of the

circuit court, before the appeal was taken to the supreme court. The judgment which was affirmed by the supreme court was Smith & McCann's judgment. As the case stands here, it is not different from the case which would have been presented if Patrick Welch had died after the affirmance of the judgment by the supreme court, since it is not competent to any other court to take into consideration the fact that Patrick Welch died before that date, for the purpose of invalidating, or in any other way affecting, that judgment. This conclusion is, I think, made sufficiently clear by the opinion previously filed.

Smith & McCann, then, are the owners of a judgment standing in the circuit court, which was originally recovered by Patrick Welch, who, since the recovery of the judgment, has died ; and the only question is, whether they can take out execution in the name of Patrick Welch, who is dead. I think they can. Our statute authorizes the assignment of judgments. Rev. Stats., sect. 2762. It also provides that " payments or satisfaction on said judgment to the assignor shall be valid, if made before notice of the assignment to the judgment debtor, *but not otherwise."* *Ibid.*, sect. 2763. Here Eyermann, the judgment debtor, has notice of the assignment, and, hence, it would not be competent for him to pay the judgment to any one but Smith & McCann ; nor would it be competent for the sheriff, after collecting the money from Eyermann, to pay the judgment to any one except Smith & McCann. An administrator of Patrick Welch would have no more to do with this judgment than Patrick Welch would have if alive, and that would be nothing at all. Section 2764 of the Revised Statutes, which prescribes the manner in which the execution shall be issued where the judgment has been assigned, does not require that the execution should issue in the name of the legal representative of the deceased plaintiff. It does not refer, at all, to the case of a deceased

plaintiff. It merely says : " In case of assignment, execution shall issue in the name of the *original plaintiff*, but shall be indorsed by the clerk or justice to be for the use of the assignee." Now, if we are to adhere to the letter of the statute, this execution could only issue in the name of the original plaintiff, Patrick Welch, indorsed to the use of Smith & McCann, as was done. As the original plaintiff is prohibited by the preceding section from receiving payment, it is obvious that his name on the execution is a mere naked name of record, — a formal name, intended merely to identify the execution and connect it with the judgment under which it issues. The name being, then, a mere formal name, for the purpose of identification, it seems to me to be wholly immaterial whether it is the name of a living man or a dead man. It seems to me, therefore, that both the letter and the spirit of section 2764 agree in this instance. .

Now, what is the effect of the other view? It drives Smith & McCann to the delay and expense of procuring some one to take out letters of administration upon the supposed estate of Patrick Welch ; a man who, it is shown by the affidavits, died a pauper, and without any estate. And for what purpose? For the naked purpose of having the name of such administrator on their execution — a name without substance, for the administrator, under section 2763, could have no more to do with it than Patrick Welch in his grave could have. But I do not see how they can procure such letters of administration. Patrick Welch, as shown by the affidavits, lived an object of charity, and was buried by the public as a pauper, at Greenville, Mississippi. How can Smith & McCann procure the appointment of an administrator upon his estate without showing that he had an estate to be administered? They cannot show that this judgment belongs to him for the purpose of getting such letters ; for that would be to make an admis-

sion, the effect of which would be to give away to the creditors or to the next of kin of Patrick Welch, that which belongs to themselves.

I know that section 2742 of the Revised Statutes recites that, "if one or more plaintiffs in a judgment or decree shall die before the same is satisfied or carried into effect, the judgment or decree, if concerning the personalty, shall survive to the executors or administrators of such deceased party, and if concerning real estate, to his or their heirs or devisees ; and execution may be sued out in the name of the surviving plaintiff or plaintiffs or legal representatives of the deceased plaintiff, *for the benefit of himself or themselves*, and the legal representatives of the deceased party, or the judgment or decree may be revived in the name of such legal representatives and the surviving plaintiffs, and execution sued out by them jointly."

But this section, when taken in connection with the section relating to the assignment of judgments, already quoted, can obviously extend only to cases where the plaintiff who died was a beneficial plaintiff entitled to receive the money paid in satisfaction of the judgment, or his share of it, and not to cases where such plaintiff has parted, by assignment, with his interest in the judgment, before his death. That was the case in *Gaston* v. *White* (46 Mo. 486), cited in the opinion of the court.

For these reasons, I am of opinion that the circuit court committed no error in refusing to quash the execution.